UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARIANO MALDONADO-PAGAN,

    Plaintiff,

v.

ADMINISTRACION DE CORRECCION, et al.,

    Defendant.

Civil No. 10-1488 (JAF)

O R D E R

This matter is before the Court on Plaintiff Mariano Maldonado-Pagan's petition for writ of habeas corpus pursuant to 18 U.S.C. § 2254. For the foregoing reason, Maldonado's petition is DISMISSED.

I.    Background

The First Circuit Court of Appeals outlined the majority of the underlying facts and procedural history in *Maldonado-Pagán v. Malavé*, 145 Fed.Appx. 375 (Aug. 9, 2005):

> On March 6, 1992, Maldonado pled guilty to three counts of first degree murder and grand arson for the killing and burning of the bodies of his wife and two children. He was convicted and sentenced to more than 300 years imprisonment by the Superior Court of the Commonwealth of Puerto Rico. Maldonado failed to appeal his conviction or sentence.
>
> On April 21, 1997, Maldonado filed a pro se, state habeas corpus petition before the Puerto Rico Supreme Court. Although the Supreme Court denied it without comment, the petition was improperly presented pursuant to § 1741 of the Puerto Rico Code of Criminal Procedure, which requires petitioners to file a Rule 192.1 motion in the trial court prior to seeking habeas relief. P.R. Laws Ann. tit. 34, § 1741(c) ("No judge shall consider a

> writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the Rules of Criminal Procedure, App. II of this title.").
>
> On May 22, 1998, Maldonado filed a pro se Rule 192.1 motion before the trial court. The petition was denied, and Maldonado did not appeal the denial in the commonwealth courts.
>
> Maldonado subsequently filed a federal § 2254 habeas petition, arguing, as a basis for relief, ineffective assistance of counsel. On October 9, 2003, the district court dismissed the claim for failure to exhaust state remedies because Maldonado had not appealed the trial court's denial of his Rule 192.1 motion. *Maldonado-Pagán v. Malavé*, No. 98-2383 (D.P.R. Oct. 9, 2003).

*Maldonado-Pagán v. Malavé*, 145 Fed.Appx. at 375-376 (footnotes omitted).  The First Circuit affirmed the district court's dismissal of Maldonado's § 2254 habeas petition based on procedural default.  Additionally, the First Circuit stated that Maldonado had failed to provide "cause" to excuse the procedural default. The Court found "no new credible evidence that Maldonado is actually innocent of the murders and arson, and [took] note of the fact that Maldonado was in a general population facility not a mental facility-during his alleged procedural default." *Id*. at 377.

Maldonado then filed the instant petition on June 3, 2010 asserting four grounds for relief.  (Docket Nos. 1 & 51.)[1] Ground one asserts that his guilty plea was not knowing, voluntary, and intelligent. (Docket Nos. 1 & 51.) Specifically, that he was taking psychopharmaceuticals, hearing voices, and under emotion stress from the murders of his wife and two children. (Docket Nos. 1 & 51.) Grounds two, three, and four each assert that Maldonado's trial counsel was ineffective for not calling witnesses

---

[1] Docket No. 51 is a certified translation of Maldonado's petition, at Docket No. 1.

on his behalf, not introducing his psychiatric record, not challenging the prosecution's case for premeditation and intent, and failing to present evidence from an independent psychiatrist about his competency to stand trial. (Docket Nos. 1 & 51.)

This court initially dismissed Maldonado's petition for lack of diligent prosecution after he failed to pay the filing fee or move to proceed in forma pauperis for nearly a year. (Docket No. 5.) On appeal, the First Circuit remanded the matter instructing the court to allow Maldonado additional time to cure the default. (Docket No. 20.) The court granted Maldonado's request to proceed in forma pauperis on September 7, 2012. (Docket No. 27.) After nearly six months lapsed without Maldonado completing his petition for relief, the court ordered him to update his request no later than April 1, 2013, and instructed that failure to do so would result in a dismissal. (Docket No. 30.) Thereafter, Maldonado requested, and the court granted, four extensions of time through November 20, 2013, to comply with the court's order. (Docket Nos. 31, 33, 34, 35, 36, 37, 42, and 43.)[2] Maldonado failed to update his petition by November 20, 2013. Instead, on February 14, 2014, Maldonado moved for a writ of mandamus, requested appointed counsel, and requested another extension of time to comply with the court's order. (Docket No. 49.) Maldonado included six exhibits with his latest motion.

Previously, the court denied Maldonado's motion for writ of mandamus, motion to appoint counsel, and motion for a further extension of time. (Docket No. 50.) This court now reviews Maldonado's petition for habeas corpus relief.

---

[2] Plaintiff's fourth request sought a 90-day extension. The court granted the extension in part by lessening the extension until November 20, 2013.

## II.   Law and Analysis

Federal courts may consider a claim under § 2254 on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Specifically, § 2254 petitions must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year limitation is tolled while a properly-filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Maldonado filed this habeas corpus petition on June 3, 2010, nearly 18 years after his conviction became final.  The petition does not describe any circumstances that fall

within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States*, 638 F.3d 315, 321–24 (1st Cir. 2011). This court granted Maldonado four extensions of time to update his petition and cautioned Maldonado that failure to update the petition would result in dismissal. (See Docket No. 30, "All forms needed to complete the petition have been made available to Petitioner. A final term expiring on April 1, 2013, is granted to update the request for habeas corpus relief. Failure to do so will result in the dismissal of the case.")

Maldonado failed to provide any circumstances explaining why the court should consider his petition nearly 18 years after his conviction became final. Even his most recent request for a further extension fails to provide any explanation that would toll the statute's limitations period for nearly 18 years. (Docket No. 49.)

Dismissal of Maldonado's petition at this stage comports with Rule 4 of the Rules Governing Section 2254 Cases.[3] "[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006)  This court is aware of the "notice to be heard" requirement set forth in *Day* and believes that the multiple extensions of time given to Maldonado to allow him to update his petition along with the court's warning that failure to do so would result in dismissal satisfy the notice requirement.

---

[3] Rule 4. Preliminary Review; Serving the Petition and Order:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Accordingly, Maldonado-Pagan's petition is dismissed as untimely.[4]

### III.   Certificate of Appealability

In accordance with Rule 11 of the Rules Governing Section 2254 Cases, whenever issuing a denial of 2254 relief, the court must concurrently determine whether to issue a certificate of appealability ("COA"). The court grants a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). While Maldonado has not yet requested a COA, the court sees no way in which a reasonable jurist could find its assessment of his constitutional claims debatable or wrong. Maldonado may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

---

[4] The court notes that Claim No. 1 is procedurally defaulted as a result of Maldonado-Pagan's failure to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). Moreover, Maldonado neither alleges nor establishes cause to excuse his failure to timely seek leave to appeal his conviction and sentence to the Puerto Rico appellate court.

Maldonado's ineffective assistance of counsel claims (Claim Nos. 2, 3, and 4) would also fail as Maldonado did not provide any information in his petition or subsequent filings to support his claims.

IV.     Conclusion

For the foregoing reason, the court DISMISSES Maldonado-Pagan's § 2254 petition (Docket No. 1). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, summary dismissal is in order because it plainly appears from the record that Plaintiff is not entitled to § 2254 relief from this court. According to Rule 8 of the Rules Governing § 2254 Cases, an evidentiary hearing is only held if the petition is not dismissed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of August, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE