IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIANO MALDONADO PAGAN<br>Plaintiff<br>vs<br>ADMINISTRACION DE CORRECCIÓN; ATTORNEY GENERAL OF PUERTO RICO<br>Defendant | CIVIL 10-1488CCC |

**OPINION AND ORDER**

Before the Court is Petitioner Mariano Maldonado Pagán's (hereinafter "Petitioner" or "Maldonado Pagán") 28 U.S.C. § 2254 *habeas corpus* petition filed on June 3, 2010 (d.e. 1)[1]. Respondents Administración de Corrección and the Secretary of Justice's (hereinafter " Respondents") Motion to Dismiss the Petition was filed on January 18, 2017 (**d.e. 85**). On March 6, 2018, Petitioner filed a Motion to Submit New Evidence[2] (**d.e. 86**). For the reasons discussed below, the Court finds the Petition shall be DISMISSED FOR LACK OF JURISDICTION.

**I.  BACKGROUND**

Petitioner Maldonado Pagán is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico. Petitioner filed *habeas corpus* before this Court alleging that he was under the influence of three different medications that impeded his understanding at the time of his guilty plea, and that his attorney did not give him adequate legal representation. On

---

[1] "d.e." is an abbreviation for "docket entry number".

[2] The motions' complete tittle is "Motion to submit new evidence in support of the arguments, that [were] not available when . . . the habeas petition [was filed] on June 3, 2010."

April 27, 2011, the Court entered Judgment dismissing the case without prejudice for lack of diligent prosecution (d.e. 5). On June 6, 2011, Petitioner filed a Notice of Appeal as to Judgment (d.e. 10). On May 21, 2012, the Court of Appeals entered Judgment vacating the Court's Judgment and remanding the case for further proceedings (d.e. 20).³ On February 14, 2014, Petitioner field a Motion for a Writ of Mandamus (d.e. 49). On April 24, 2014, the Court entered Order denying the motion for a writ of mandamus (d.e. 50), and on July 21, 2014, the Court of Appeals entered Judgment denying the petition for a writ of mandamus (d.e. 52).

On August 11, 2014, the Court issued an Opinion and Order dismissing Petitioner's writ of habeas corpus pursuant to 18 U.S.C. § 2254 for being untimely and failing to provide any explanation that would toll the statute's of limitation (d.e. 53). Judgment was entered on August 12, 2014 (d.e. 54). On September 12, 2014, Petitioner filed a Notice of Appeal (d.e. 57). On October 13, 2015, the Court of Appeals entered Judgment vacating the Judgment of the District Court and remanding the matter to employ the procedure set out in Day v. McDonough, 547 U.S. 198 (2006) which requires that the parties be given a meaningful opportunity to state their positions with respect to a petition of timeliness (d.e. 63).⁴ On March 28, 2016, Petitioner

---

³The Judgment indicated that the "district court had abused its discretion in dismissing the habeas petition *sua ponte* for lack of prosecution without first providing both advance notice to the petitioner of the court's intent to dismiss and an opportunity to cure." Mandate was entered on June 12, 2012 (d.e. 22).

⁴The Appeals Court indicated that the "Commonwealth did not move to dismiss on statute of limitations grounds, and the district court did not warn petitioner that the court was considering a sua ponte dismissal on statute of limitations grounds." Mandate was entered on November 6, 2014 (d.e. 64).

filed an Amended Complaint (d.e. 70), and on August 1, 2016, the Court issued an Order dismissing the amended petition because it was not verified (d.e. 71)[5]. Respondents filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) (d.e. 85).

## II.     DISCUSSION

Pursuant to federal law, a prisoner who claims he is being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A federal court's review of a 28 U.S.C. § 2254 petition is not a direct review of a state court's decision. The petition is a separate civil suit considered as collateral relief. The federal *habeas corpus* is not a constitutional, but rather a statutory relief codified in 28 U.S.C. § 2254.

Prisoners in state custody who choose to collaterally challenge their confinement in a federal habeas proceeding are required to comply with the "independent and adequate state ground doctrine." See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. February 19, 2009); citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). As such, Petitioner must meet two initial requirements. First, Petitioner is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings. The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court. In order to fulfill this exhaustion requirement, the Petitioner must have fairly presented the

---

[5]On August 1, 2016, the Court issued an Order notifying Maldonado Pagán that it was contemplating the dismissal of his petition as untimely, and requesting his position on the timeliness of the petition (d.e. 71). The record does not reflect any additional information or documents that would establish that his petition should be treated as timely.

CIVIL 10-1488CCC                                    4

substance of all of his federal constitutional claims to the highest state court. Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 24 (2nd Cir. 1995).

The state court must have been appraised of both the factual and legal base of those claims. Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991). The United States Supreme Court has held that in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the state supreme court even when its review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The burden of providing that a federal habeas claim has been exhausted in state court lies with the petitioner. Maldonado Pagán, however, has not met this initial burden.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief. In order for Petitioner to exhaust his state court remedies, Petitioner must file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. §§ 1741-1743). An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a section 1741 habeas petition. Once any of the two appeals is denied by the Puerto Rico Court of Appeals, then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id. Thus, pursuant to Puerto Rico law, in order for Petitioner to properly file a section 2254 petition for relief before this Federal Court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws, either a Rule 192.1 motion or a *habeas corpus* petition

pursuant to section 1741 of the Code of Criminal Procedure (P.R.L.A. 34 § 1779), all the way until final review by the Supreme Court of Puerto Rico.

In the instant case, Maldonado Pagán has failed to show that he exhausted either of the two local post-conviction remedies. The record reflects that Petitioner did not file an appeal of his conviction before the Puerto Rico Court of Appeals. Instead, five years later, on April 21, 1997, he filed a *pro se*, state habeas corpus petition before the Puerto Rico Supreme Court. Although the Supreme Court denied it without comment, the petition was improperly presented pursuant to § 1741 of the Puerto Rico Code of Criminal Procedure, which requires petitioners to file a Rule 192.1 motion in the trial court prior to seeking habeas relief. P.R. Laws Ann. Tit. 34, § 1741(c). On May 22, 1998, Maldonado Pagán filed a *pro se* Rule 192.1 motion before the trial court. The petition was denied, and Maldonado Pagán did not appeal the denial in the state courts. Neither petitioner, who has the burden of showing exhaustion requirements, nor Respondents have submitted any additional information or documents that would establish that Petitioner exhausted his state remedies. Therefore, this Court lacks jurisdiction to entertain this petition; the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) filed by the Administración de Corrección and the Secretary of Justice (**d.e. 85**) is GRANTED and the *Habeas Corpus* Petition is hereby DISMISSED.

CIVIL 10-1488CCC            6

## III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner Mariano Maldonado Pagán's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (d.e. 1) is DISMISSED, without prejudice.  Judgment to be entered.

SO ORDERED.

At San Juan, Puerto Rico, on August 27, 2018.

 

                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge